ESTATE AND GUARDIANSHIP OF SUSANNA ZIMMER, MINOR.

[No. 2,860; decided December 22, 1883.]

Guardian—Nomination by Minor.—A minor, aged sixteen years, who is intelligent and of fair education, is legally competent to nominate her own guardian, subject to the court's approval.

Guardian—Nomination by Minor.—Although an intelligent minor over fourteen years of age is competent to nominate its own guardian, and its intelligent preference for a guardian must be considered, yet the court must be guided in its determination by what appears to be for the child's best interests, as to its temporal, mental and moral welfare.

Guardian.—The Nomination and Preference of the Minor in this case of. her aunt for guardian as against the child's mother, who had remarried after divorce from the child's father to one who was the object of the child's aversion—discussed, but not decided.

Guardian—Nomination by Minor.—In this case it was held that an application for guardianship by the minor's nominee should be denied, although the applicant and minor were closely related and affectionately disposed toward each other, having lived and loved as if mother and child for years; it appearing that, from the circumstances of the applicant, a grant of guardianship would not be for the best interests of the child as to its temporal welfare.

Guardian—Nomination by Minor—Nonresidence.—Where an applicant for guardianship of a minor, claiming as the minor's nominee, is a nonresident of the state, and only awaits the determination of the application to return home, the court will not be justified in confirming the minor's choice, even if legally permitted to do so.

Guardian—Nomination by Minor.—In this case the court, in determining an application for guardianship upon the nomination of the minor over fourteen years of age—involving the minor's competency and the applicant's rights, with the court's duty in the premises—considered and construed sections 1748, 1749, Code of Civil Procedure, and section 246, 253 (subdivision 6), Civil Code.

In this case the record shows the filing of two separate petitions for the guardianship of the above-named minor, Susanna Zimmer. The first application was filed by Mrs. Susanna Smith on October 12, 1883. It is alleged that the minor was a resident of the city and county of San Francisco; that the minor was and had been for ten years last past in the exclusive custody of the petitioner, and had been by petitioner maintained and educated; that the minor

was aged sixteen (16) years and four (4) months, and that her mother was married to the stepfather of the minor. Annexed to the petition was a written request and nomination of the minor, dated October 9, 1883, in favor of the petitioner. The second application for guardianship of the minor was made and filed by Julia Krone, and alleged that the applicant was the mother of the minor, the minor being a resident of the city and county of San Francisco; that the applicant was by a decree of the "fifteenth district court" granted a divorce from Ernst Zimmer, the father of the minor, on the ground of adultery on the part of said father, and that by the same decree the custody of said minor was awarded to her (the applicant). Neither of the applicants filed any answer to the petition of the other, so far as the record in the guardianship shows; and the opinion of the court expressly states that it was delivered only with respect to the application of Mrs. Susanna Smith, without decisively passing upon the merits or legal standing of the mother's petition. As to the decision of the court being based upon the nonresidence of the applicant, it should be noticed that both of the applicants carefully alleged the residence of the minor as hereinabove stated.

Matt. I Sullivan, for Susanna Smith.

E. J. Linforth, for Julia Krone.

COFFEY, J. Application of Susanna Smith for letters of guardianship of the person of Susanna Zimmer, a minor, The minor is an intelligent girl of about the age of sixteen years, of fair education, and legally competent to nominate her own guardian, subject to the approval of the court: Code Civ. Proc., secs. 1748, 1749. She is capable of expressing an intelligent preference, and the court should consider that preference in determining the question: Civ. Code, sec. 246.

But the court must be guided in so determining by what appears to be for the best interest of the child, in respect to its temporal and its mental and moral welfare: Civ. Code, sec. 246. The nominee of the minor is doubtless a worthy woman, and affectionately disposed toward the child, with whom she has been familiarly associated for many years.

The minor has been treated by this lady, who is her aunt, as if she were her own child; has lived in her family with the consent of her own parents for several years; and has been educated largely through the kindness, affection and liberality of the applicant and her husband. All of this the minor acknowledges and appreciates; and she desires to remain in the relation she has sustained for so long a period. She manifests no want of affection towards her mother, who is a counter-applicant here, but has an aversion toward her stepfather, her own father being legally separated from her mother, who is married a second time, to the object of this minor's aversion.

Without considering now the counter-application of the mother, it is sufficient to say that the court considers that with reference to the competency of the nominee of the minor, it does not appear from the evidence to be for the best interest of the child, in respect to its temporal welfare (Civil Code, section 246) to commit her to such custody; and it further appearing from the evidence that the nominee of the minor is a resident of the state of Nevada, having her home for many years in that state, and only awaiting the determination of this application to return thither, the court would not be justified in confirming, even if legally permitted to confirm, the choice of the minor: See Civ. Code, sec. 253, subd. 6. Application denied.

---

The Wishes or Judgment of a Child of sufficient maturity to realize in a measure his situation cannot, independent of or despite other circumstances, control the court in the determination of his custody: Stapleton v. Poynter, 111 Ky. 264, 98 Am. St. Rep. 411, 62 S. W. 730, 53 L. R. A. 784.